■ In the Matter of 160 WEST 87TH STREET CORP., Appellant, v. LOUIS J. LEFKOWITZ, as Attorney-General of State of New York, Respondent. — Judgment, Supreme Court, New York County, entered October 9, 1973, granting the petition only to the extent of directing respondent to complete the examination of plaintiff's application by a specified date and otherwise dismissing

the petition, unanimously modified, on the law, to the extent of directing that, pursuant to CPLR 7804 (subd. [f]), the Attorney-General answer the petition with respect to the contested rules involved and that thereafter the proceeding be submitted to Special Term for determination, and otherwise affirmed, without costs and without disbursements. Petitioner filed an application with a view towards converting a rented apartment house to a co-operative venture. The rules of the Attorney-General provided that after 35% of the tenants acquiesced to such conversion and prior to approval by the Attorney-General, an amended plan must be filed together with an "Affidavit of Effectiveness." The petitioner, *inter alia*, challenged the legality of these two rules, viz., the rule requiring the filing of an amendment to the original application and the other requiring the filing of a supplemental "Affidavit of Effectiveness." The original application filed with the Attorney-General on January 2, 1973 contained therein a recital that the plan would be declared effective only by a subsequently filed amendment. The amendment and the additional affidavit required were filed by petitioner on May 16, 1973. The Attorney-General rejected the plan on June 8, 1973 alleging a need for further investigation. This proceeding was initiated on July 12, 1973. We disagree with the finding of Special Term that the challenge to the legality of the rules was time-barred. The limitation of time prescribed by CPLR 217 begins to run from the date when a final determination of the particular agency involved is made and not from the date of the filing of the original application. In the case at bar, therefore, the time to sue began to run on June 8, which was the date when the Attorney-General rejected the filed amendment and affidavit. Consequently, the instant proceeding was timely brought. Concur — McGivern, J. P., Nunez, Kupferman, Lane and Capozzoli, JJ.